[Cite as *State v. Matthews*, 2021-Ohio-3694.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29079 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-3479 |
| | : | |
| KEVIN D. MATTHEWS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of October, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

HILARY J. LERMAN, Atty. Reg. No. 0029975, 249 Wyoming Street, Dayton, Ohio 45409
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Kevin D. Matthews appeals from a judgment of the Montgomery County Court of Common Pleas, which after Matthews pled guilty to discharge of a firearm on or near a prohibited premises and aggravated assault, and admitted to a community control violation, sentenced him to a total of 36 months in prison. For the reasons that follow, the trial court's judgment will be affirmed.

I.      **Facts and Procedural History**

{¶ 2}  On November 17, 2020, Matthews was indicted on one count of felonious assault, a felony of the second degree, and one count of discharge of a firearm on or near a prohibited premises, a felony of the third-degree, after an incident on I-75 in southern Montgomery Country a few weeks earlier. An additional count of aggravated assault, a felony of the fourth degree, was later added by way of bill of information.

{¶ 3} After negotiations between the parties, Matthews agreed to plead guilty to discharge of a firearm and aggravated assault. In exchange, the State agreed to dismiss the count of felonious assault. The court accepted his guilty plea on March 9, 2021 and set a date for final disposition.

{¶ 4} The trial court sentenced Matthews to 36 months in prison for the charge of discharge of a firearm, 18 months for aggravated assault, and 18 months for a community control violation. The court ordered that the sentences be served concurrently with each other for a total term of 36 months in prison. Matthews now appeals, raising a single assignment of error.

II.     **Review of Matthews' sentence**

{¶ 5} In his lone assignment of error, Matthews asserts that the trial court erred in its sentencing analysis. Specifically, he reasons that "the Court's analysis of R.C. 2929.12 and 2929.13 [sic] was against the manifest weight of the evidence [sic], that the facts in DSM [sic] should have been given more weight, and that he should have been given Community Control Sanctions." Appellant's brief at 4.

{¶ 6} A trial court has full discretion to levy any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. "However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*

{¶ 7} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it all together and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 8} We may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. The inquiry is simply whether the sentence is contrary to law. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v.*

*Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶ 9} In this case, Matthews' sentences were within the statutory ranges for felonies of the third and fourth degrees, and the court expressly stated that it considered the principles and purposes of sentencing contained in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12. Although the court did not make specific findings regarding all the factors, there is nothing in the record to suggest that the court failed to consider each of them, and therefore, the trial court complied with its obligations. Matthews' sentence was not contrary to law. To the extent that Matthews claims that his sentence was unsupported by the record, that argument is foreclosed by *Jones*.

{¶ 10} Finally, Matthews argues that the trial court improperly considered past actions when crafting his sentence instead of focusing on what happened in this particular incident. We disagree.

{¶ 11} At sentencing, "evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 14 (2d Dist.), citing *Williams v. New York*, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Accordingly, courts may consider, for example, hearsay evidence, facts related to charges that were dismissed pursuant to a plea bargain, prior arrests, and facts supporting a charge that ended in acquittal. *Worthen* at ¶ 5. Although Matthews disagrees with the court's analysis and the way it balanced the factors, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18.

{¶ 12} Because Matthews' sentence was not contrary to law and because the court was free to consider factors outside this incident when fashioning his sentence, the assignment of error is overruled.

### III.    Conclusion

{¶ 13} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


TUCKER, P.J. and DONOVAN, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Hilary J. Lerman
Hon. Mary Katherine Huffman