**[Cite as *State v. Searls*, 2022-Ohio-858.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28995 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-1066 |
| | : | |
| CHRISTOPHER SEARLS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of March, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JOHN C. CUNNINGHAM, Atty. Reg. No. 0082485, 1500 Yankee Park Place, Dayton, Ohio 45458
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} After the trial court overruled his motion to suppress, Christopher Searls pled guilty in the Montgomery County Court of Common Pleas to two counts of gross sexual imposition, sixty counts of pandering obscenity involving a minor, and one count of attempted tampering with evidence. The trial court merged the gross sexual imposition offenses and imposed an aggregate sentence of a minimum of 18 years and a maximum of 22 years in prison. Searls was designated a Tier III sex offender for the gross sexual imposition and a Tier II sex offender for pandering obscenity involving a minor.

{¶ 2} Searls appeals from his convictions, claiming that the trial court erred by (1) miscalculating his jail time credit; (2) failing to include in its judgment entry the maximum number of years for the indefinite sentence for two of the counts of pandering obscenity; and (3) failing to consider R.C. 2929.12(E) when imposing sentence.

{¶ 3} For the following reasons, the trial court's judgment will be reversed as to jail time credit; the matter will be remanded for an amended judgment entry reflecting that Searls is entitled to 236 days of jail time credit and for the trial court to notify the appropriate prison officials of the amended judgment entry. In addition, the matter will be remanded for the trial court to modify its sentences for Counts 38, 41, and 53 to clarify that the eight-year term is the stated minimum term of an indefinite sentence under the Reagan Tokes Act. In all other respects, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 4} During the late afternoon of April 10, 2020, uniformed police officers were dispatched to Searls's home on a report that nine-year-old K.H. had been sexually assaulted by Searls, K.H.'s mother's boyfriend. K.H. subsequently disclosed during a

forensic interview that while she and her mother were at Searls's home, Searls had touched her vagina and had shown her pornography on a laptop. K.H. also disclosed that Searls was communicating directly with her electronically.

{¶ 5} On May 5, 2020, Searls was indicted on two counts of gross sexual imposition, one in violation of R.C. 2907.05(A)(4) (victim less than 13 years old) and the other in violation of R.C. 2907.05(B) (victim less than 12 years old), both felonies of the third degree. In August 2020, Searls was indicted on 61 additional charges consisting of 60 counts of pandering obscenity involving a minor (create, reproduce, publish), in violation of R.C. 2907.321(A)(1), felonies of the second degree, and one count of attempted tampering with evidence, in violation of R.C. 2921.12(A)(1) and R.C. 2923.02(A), a felony of the fourth degree. Searls moved to suppress the evidence against him. The trial court overruled the motion on October 9, 2020.

{¶ 6} On November 9, 2020, the parties informed the trial court that a plea agreement had been reached under which Searls agreed to plead guilty to all 63 counts and would receive a sentence between 8 and 20 years in prison. At the plea hearing, the State noted that the two gross sexual imposition offenses would merge at sentencing. The prosecutor further indicated that the remaining gross sexual imposition charge required a Tier III sex offender designation and that the pandering obscenity charges required a Tier II sex offender designation. The State also clarified that three of the pandering obscenity charges fell within the Reagan Tokes Act for sentencing. Defense counsel agreed with the prosecutor's statements. The trial court then conducted a Crim.R. 11 hearing, following which the court ordered a presentence investigation and set sentencing for November 24, 2020.

{¶ 7} Both parties subsequently filed sentencing memoranda. In its memorandum, the State emphasized the "thousands of files of child pornography" found on an external hard drive in Searls's home, Sears's online presence regarding "age play" sexual relationships, and his actions in planning to sexually abuse K.H., grooming her, and ultimately touching her. The State requested 20 years in prison. In contrast, defense counsel focused on rehabilitation. Defense counsel characterized Searls's actions toward K.H. as opportunistic, as opposed to predatory, and emphasized Searls's remorse, lack of a criminal record, and prior law-abiding life. Counsel noted that a prison sentence was not mandated by statute, and counsel urged the court to impose the minimum agreed-upon prison term (8 years).

{¶ 8} At the November 24 sentencing hearing, the court merged the gross sexual imposition counts and imposed five years for gross sexual imposition (GSI). For the three pandering obscenity charges that were subject to the Reagan Tokes Act, the court imposed a minimum of 8 years and a maximum of 12 years on each, to be served concurrently with each other, but consecutively to the gross sexual imposition. On the remaining 57 counts of pandering obscenity, the court imposed six years in prison, to be served concurrently with each other but consecutively to the GSI and the pandering counts to which the Reagan Tokes Act applied. Finally, the court imposed 18 months in prison for attempted tampering with evidence, to be served concurrently with the gross sexual imposition, but "then consecutively to the other counts." The court indicated that Searls's aggregate prison term was a minimum of 18 years to a maximum of 22 years in prison. The actual aggregate prison term, however, was a minimum of 19 years to a maximum of 23 years in prison. The court notified Searls about how the Ohio

Department of Rehabilitation and Correction (ODRC) may rebut the presumption of release at the minimum term under the Reagan Tokes Act. The court also made findings under R.C. 2929.14(C)(4) to support its consecutive sentences. The court did not address jail time credit at sentencing.

{¶ 9} On December 1, 2020, prior to the filing of a written judgment entry, the court held an additional hearing to notify Searls that it had misspoken about his aggregate sentence. The court stated: "I had an intention that your sentence would be 18 to 22 years, and because apparently, I can't add, I advised you of a sentence that was not what I intended. The sentence I gave you would have been 19 to 23 years." The court asked Searls if he anything to say, explaining that his sentence for the 57 counts of pandering obscenity would be five years instead of six and that it was "not going to resentence" him but was simply "going to correct that number." Searls declined to comment. The court then stated:

> THE COURT: All right. Sir, on each of the 57 counts of pandering obscenity involving a minor, a felony of the second degree, the correct sentence I intended was five years on each count. And I'd already made the findings with regard to consecutive sentences. That all continues to apply. Those counts are five years instead of the six that I articulated erroneously, sir.
>
> THE DEFENDANT: (Nods in affirmative).
>
> THE COURT: All other aspects of the sentencing remain in effect, sir.
>
> THE DEFENDANT: (Nods in affirmative).

{¶ 10} On December 23, 2020, the trial court filed its judgment entry, which generally reflected its oral pronouncements. With respect to two of the three counts of

pandering obscenity that were subject to the Reagan Tokes Act, the court's entry stated that Searls would serve eight years. Additionally, the judgment entry indicated that Searls would receive 229 days of jail time credit. Searls appeals the trial court's judgment.

{¶ 11} Searls's original appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Upon our *Anders* review, we found that a non-frivolous issue existed as to whether the trial court correctly calculated Searls's jail time credit as of December 1, 2020. In our decision, we emphasized that we do not need to articulate every arguably meritorious claim that we find, and we commented that additional non-frivolous issues may exist. We noted, by way of example, that there also was a non-frivolous issue as to whether the trial court properly imposed an indefinite sentence under the Reagan Tokes Act for pandering obscenity involving a minor. We therefore rejected the *Anders* brief and appointed new counsel for Searls.

{¶ 12} Searls, with new counsel, now raises three assignments of error on appeal.

## II. Jail Time Credit

{¶ 13} In his first assignment of error, Searls claims that the trial court "erred by failing to address or order the calculation of jail time credit at the December 1, 2021 [sic], sentencing to provide credit toward Defendant's imposed prison sentence."

{¶ 14} Jail time credit is governed by R.C. 2967.191, which implements the equal protection right to credit for prior incarceration. *State v. Reeder*, 2d Dist. Clark No. 2019-CA-39, 2020-Ohio-5107, ¶ 28, citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. The statute requires ODRC to "reduce the prison term of a

prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." R.C. 2967.191. Such confinement includes confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term. *Id.*

{¶ 15} "Although the [ODRC] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. At sentencing, the trial court is required to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced * * *." R.C. 2929.19(B)(2)(g)(i); *see Reeder* at ¶ 29.

{¶ 16} In this case, the presentence investigation report (PSI) indicated that Searls was arrested on April 10, 2020, and that he was entitled to 229 days of jail time credit as of November 24, 2020, the date of the first sentencing hearing. The trial court's judgment entry indicated that Searls was entitled to 229 days of jail time credit as of "the date of sentencing stated above," which was identified as December 1, 2020, when the second sentencing hearing occurred.

{¶ 17} The State acknowledges that the trial court's jail time credit calculation is inaccurate. Specifically, it recognizes that the trial court's judgment entry neglected to

account for the additional seven days of jail time credit to which Searls was entitled between November 24 and December 1.

{¶ 18} The State's appellate brief focuses on the remedy for the trial court's error. The State argues that an inaccurate determination of jail time credit does not render the conviction void or voidable and that the trial court may correct its error by means of a nunc pro tunc entry, pursuant to Crim.R. 36. We agree with the State that the appropriate remedy is to remand this matter to the trial court for the court to file an amended judgment entry reflecting that Searls was entitled to 236 days of jail time credit as of December 1, 2020.

{¶ 19} Searls's first assignment of error is sustained.

### II. Indefinite Sentence for Pandering Obscenity Involving a Minor

{¶ 20} In his second assignment of error, Searls claims that the trial court's judgment entry inaccurately reflects two of his sentences for pandering obscenity involving a minor. He raises that the judgment entry did not include an indefinite sentence for two of the three counts that were subject to the Reagan Tokes Act. Searls asserts that the matter should be remanded to the trial court for an amended judgment entry that reflects the indefinite sentences orally imposed on Counts 41 and 53.

{¶ 21} In response, the State acknowledges that this is a matter of first impression. It argues, however, that the trial court "correctly imposed sentence on Counts [41] and [53], as the Reagan Tokes Act only requires a single maximum term for concurrent sentences." The State contends that a plain reading of R.C. 2929.144(B)(3), which governs the calculation of the maximum sentence for concurrent sentences, indicates that only one maximum sentence should be imposed where multiple qualifying felonies are

run concurrently.

{¶ 22} On review, we conclude that R.C. 2929.144(B)(2) (addressing consecutive sentences) is the appropriate statute here. We nevertheless agree with the State that only one maximum term is calculated under R.C. 2929.144 and that the maximum term was properly stated in the trial court's judgment entry. We further conclude, however, that the trial court's individual sentences for Counts 38, 41, and 53 are not properly imposed in the judgment entry and must be corrected via a nunc pro tunc entry.

{¶ 23} First and second-degree felonies committed after March 22, 2019, which do not already carry a life-tail, fall under the umbrella of the Reagan Tokes Act. R.C. 2967.271; *State v. Ross*, 2d Dist. Montgomery No. 28875, 2021-Ohio-1337, ¶ 7. When a prison sentence is imposed on such a "qualifying felony," the statute requires the trial court to impose an indefinite prison term with a stated minimum term and a calculated maximum term. R.C. 2929.14(A)(1)(a); R.C. 2929.14(A)(2)(a); R.C. 2929.144.

{¶ 24} Under Ohio law, a sentencing court "must consider each offense individually and impose a separate sentence for each offense." *State v. Monroe*, 2d Dist. Clark No. 2018-CA-124, 2020-Ohio-597, ¶ 47, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9 (rejecting a sentence packaging approach to sentencing). "A sentencing court thus 'lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses.' " *State v. Smith*, 2d Dist. Montgomery No. 28265, 2019-Ohio-5015, ¶ 66, quoting *Saxon* at ¶ 9.

{¶ 25} A trial court may consider whether multiple sentences should be served concurrently or consecutively only after the court has "consider[ed] each offense individually and impose[d] a separate sentence for each offense." *Saxon* at ¶ 9; *see*

*State v. Parker*, 193 Ohio App.3d 506, 2011-Ohio-1418, 952 N.E.2d 1159, ¶ 86 (2d Dist.); *Smith* at ¶ 67; *State v. Lambert*, 2d Dist. Champaign No. 2018-CA-28, 2019-Ohio-2837, ¶ 37.

{¶ 26} Consistent with this approach, when imposing a prison sentence under the Reagan Tokes Act, the trial court first must select, for each offense, a stated minimum term from the appropriate statutory range for either a first- or second-degree felony, unless a specific penalty applies. R.C. 2929.14(A)(1)(a); R.C. 2929.14(A)(2)(a). For felonies that do not fall within the Reagan Tokes Act, the trial court imposes a definite prison term from the appropriate statutory range. Next, after determining whether to impose concurrent or consecutive sentences, the trial court must calculate the maximum term using the methodology provided in R.C. 2929.144(B).

{¶ 27} The State points to R.C. 2929.144(B)(3), which governs the calculation of the maximum term when "*all* of the prison terms imposed" – not just those imposed under the Reagan Tokes Act – are run concurrently. (Emphasis added.) However, because the trial court ordered "some or all of the prison terms imposed" to be served consecutively, R.C. 2929.144(B)(2) applies here instead. To determine the maximum term under that provision, the trial court must first "add all of the minimum terms imposed on the offender * * * for a qualifying felony * * * and all of the definite terms of the felonies that are not qualifying felonies * * * that are to be served consecutively." R.C. 2929.144(B)(2). The maximum term equals the sum of those prison terms "plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced." *Id.* As argued by the State, a plain reading of R.C. 2929.144(B)(2) indicates that only a single maximum term is calculated.

{¶ 28} The trial court is required to sentence the offender, as part of the court's sentence under R.C. 2929.14, to the calculated maximum prison term. R.C. 2929.144(C). Both the stated minimum term and the calculated maximum term must be included in the sentencing entry. *Id.*

{¶ 29} In this case, the trial court orally imposed identical sentences for the three qualifying counts of pandering obscenity involving a minor, all felonies of the second degree. At sentencing, the trial court told Searls: "On Counts [38], [41], and [53], all counts subject to the Reagan Tokes Act, I'm going to sentence you to a minimum sentence of 8 years and a maximum sentence of 12 years on each count to be served concurrently with one another, but consecutive to Count I, the gross sexual imposition." The court also imposed definite sentences of five years for gross sexual imposition, five years for the remaining 57 counts of pandering obscenity involving a minor, and 18 months for attempted tampering with evidence. The sentences for the gross sexual imposition (5 years), the combined 57 counts of pandering obscenity (5 years), and the combined 3 counts of pandering obscenity (minimum 8 years) were run consecutively to each other. The trial court told Searls that his aggregate sentence was 18 to 22 years in prison.

{¶ 30} In its judgment entry, the trial court imposed a minimum of 8 years and a maximum of 12 years in prison on Count 38. As for Counts 41 and 53, the judgment entry read: "COUNT [41 and 53]: PANDERING OBSCENITY INVOLVING MINOR (create, reproduce, publish) (F2) (SUBJECT TO REAGAN TOKES ACT): EIGHT (8) YEARS * * *." The counts were ordered to be served concurrently with each other, but consecutively to the other counts in the indictment. After setting forth the sentences for

all offenses, the judgment entry stated: "FOR A TOTAL SENTENCE OF A MINIMUM OF EIGHTEEN (18) YEARS AND A MAXIMUM OF TWENTY-TWO (22) YEARS."

{¶ 31} Upon review of the court's judgment entry, we agree with the trial court's calculation of the aggregate minimum term and the calculated maximum term. The sum of the stated minimum terms and the definite terms that were being run consecutively was 18 years in prison. Pandering obscenity involving a minor was the most serious felony (a felony of the second degree), and the longest definite or minimum term for that offense was the eight-year sentence imposed on the three counts subject to the Reagan Tokes Act. Upon adding fifty percent of that sentence (four years) to the 18-year aggregate minimum term, the maximum term totaled 22 years in prison. The trial court properly indicated that maximum term following its statement of the individual sentences.

{¶ 32} Nevertheless, we note that the language of the trial court's judgment entry as to Counts 38, 41, and 53, specifically, does not comport with the statutory scheme. The sentences for Counts 41 and 53, as written, were definite sentences. Although the judgment entry indicated that the counts were subject to the Reagan Tokes Act, nothing in the wording of the individual sentences indicated that the eight-year terms were the stated minimum term of an indefinite sentence. As to Count 38, the trial court's imposition of a maximum term of 12 years for that count was not appropriate, because only a single maximum term (in this case, 22 years) is calculated under R.C. 2929.144(B)(3). The inclusion of both a minimum and a calculated maximum totaling 50 percent of the minimum term for the individual offense is proper only when one felony prison term is imposed under the Reagan Tokes Act. *See* R.C. 2929.144(B)(1).

{¶ 33} In summary, where the trial court is imposing prison sentences on multiple

counts under the Reagan Tokes Act, the trial court's sentence for each individual count should make clear that the prison term is a stated minimum sentence, as opposed to a definite sentence. Where the maximum term is the calculated under R.C. 2929.14(B)(2) or R.C. 2929.14(B)(3), the trial court should not state the maximum term for each individual offense as if it were calculated under R.C. 2929.144(B)(1). Rather, the trial court may state the aggregate minimum term and calculated maximum term following all of the individual sentences, as it did here.

{¶ 34} Accordingly, we will remand for the trial court to file an amended entry modifying the language of Counts 38, 41, and 53 to clarify that the eight-year term for each of those counts is the stated minimum term of an indefinite sentence under the Reagan Tokes Act. While no specific language is required, the trial court may satisfy this mandate by modifying the language in Counts 38, 41, and 53 to read, in part: "PANDERING OBSCENITY INVOLVING MINOR (create, reproduce, publish) (F2) (SUBJECT TO REAGAN TOKES ACT): AN INDEFINITE PRISON TERM WITH A MINIMUM TERM OF EIGHT (8) YEARS * * *."

{¶ 35} Searls's second assignment of error is sustained.

### III. Sentencing Factors

{¶ 36} In his third assignment of error, Searls claims that the trial court erred in "failing to consider at sentencing factors indicating that the offender is not likely to commit future crimes, as required by R.C. 2929.12(E)." Searls argues that, in imposing sentence, the trial court did not reference whether he had an extensive criminal history or no criminal history and, thus, his criminal history apparently was not considered by the court.

{¶ 37} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it all together and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 38} A trial court has full discretion to levy any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing a maximum or more than minimum sentence. *State v. Jones*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. In exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. On review of the trial court's sentence, we may not independently "weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42.

{¶ 39} In this case, Searls's individual sentences were within the statutory ranges for the felony offenses, and prior to imposing sentence, the trial court stated that it had considered "all of the information that [it had] been provided and the purposes and principles of sentencing and the seriousness and recidivism factors." Although the trial court did not make specific findings regarding all of the sentencing factors, there is nothing in the record to suggest that the court failed to consider each of them. To the extent that

Searls claims that his individual sentences were unsupported by the record, that argument is foreclosed by the Ohio Supreme Court's decision in *Jones*. *See State v. Matthews*, 2d Dist. Montgomery No. 29079, 2021-Ohio-3694, ¶ 9; *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 15.

{¶ 40} Searls's third assignment of error is overruled.

## IV. Conclusion

{¶ 41} The trial court's judgment will be reversed as to jail time credit; the matter will be remanded for an amended judgment entry reflecting that Searls is entitled to 236 days of jail time credit and for the trial court to notify the appropriate prison officials of the amended judgment entry. In addition, the matter will be remanded for the trial court to modify its sentences for Counts 38, 41, and 53 to clarify that the eight-year term is the stated minimum term of an indefinite sentence under the Reagan Tokes Act. In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Elizabeth A. Ellis
John C. Cunningham
Hon. Mary Katherine Huffman