[Cite as *State v. McLean*, 2022-Ohio-2806.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29268 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-4108/1 |
| | : | |
| AL MUTAHAN MCLEAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of August, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, 101 Southmoor Circle NW, Kettering, Ohio 45429
     Attorney for Defendant-Appellant

DONOVAN, J.

{¶ 1} Al Mutahan McLean appeals from his convictions on his guilty pleas to three counts of endangering children, one count of rape, one count of murder, and one count of kidnapping.   Because the trial court failed to comply with the notification requirements in R.C. 2929.19(B)(2)(c) in imposing sentence, McLean's sentence is contrary to law. The trial court also failed to comply with the Reagan Tokes Act in calculating McLean's sentence.   We affirm in part and reverse in part, and we remand the matter to the trial court solely for purposes of resentencing.

{¶ 2} On December 23, 2019, McLean was indicted as follows: Count 1, endangering children (parent-serious harm), in violation of R.C. 2919.22(A), a felony of the third degree; Count 2, endangering children (serious physical harm), in violation of R.C. 2919.22(B)(1), a felony of the second degree; Count 3, endangering children (torture-serious harm), in violation of R.C. 2919.22(B)(2), a felony of the second degree; Count 4, endangering children (corporal punishment), in violation of R.C. 2919.22(B)(3); Counts 5 and 6, felonious assault (serious harm), in violation of R.C. 2903.11(A)(1), felonies of the second degree; and Count 7, rape (child under 13) (by force or serious physical harm), in violation of R.C. 2907.02(A)(1)(b), an unclassified offense.   McLean pled not guilty on January 2, 2020.

{¶ 3} On March 5, 2020, the court found McLean competent to stand trial after the parties stipulated to a psychiatric report submitted by the Forensic Psychiatry Center for Western Ohio.

{¶ 4} On July 1, 2020, a "B" indictment was issued charging McLean as follows:

Counts 1-4, murder (proximate result), in violation of R.C. 2903.02(B), unclassified felonies; Count 5, involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree; Count 6, kidnapping, in violation of R.C. 2905.01(A)(3), a felony of the first degree; Counts 7 and 8, endangering children (parent-serious harm), in violation of R.C. 2919.22(A), felonies of the third degree. McLean pled not guilty to the additional charges on July 9, 2020.

{¶ 5} On August 23, 2021, the trial court overruled a motion to suppress filed by McLean.

{¶ 6} McLean entered his pleas on September 8, 2021. At the plea hearing, the prosecutor explained the parties' agreement. With respect to the original indictment, McLean would plead guilty to Counts 1 and 2, endangering children, and to Count 7, rape, but the State would delete the child under-13 element of the rape. With respect to the B indictment, McLean would plead guilty to Count 1, murder, Count 6, kidnapping, and Count 7, child endangering. All other counts would be dismissed. The sentence would be 40 to 51 years to life in prison, "in addition to whatever applicable Reagan Tokes time there is." The parties agreed that there would be no merger of these offenses and that the parties could argue and present evidence about where the sentence should fall in the 40-to-51-year range. McLean also agreed to "waive all waivable appeals and post-conviction proceedings" and to withdraw any pending motions.

{¶ 7} Defense counsel and McLean acknowledged their understanding of the agreement as recited by the prosecutor. McLean acknowledged his understanding that his sentence would between 40 and 51 years to life.

{¶ 8} The court then explained the potential sentencing. For the two third-degree felony counts of child endangering, the sentence would be 9, 12, 18, 24, 30, or 36 months. The other offenses were all first- and second-degree felonies, which the court noted fell under the Reagan Tokes Act. The court explained the sentencing for these offenses as follows:

First of all, sir, starting with the murder offense which is unclassified, potential sentence would be 15 years to a life sentence on that offense. In regards to the felonies of the first degree and second degree, do you understand that in this scenario of cases that you're pleading guilty to, that more than one of these offenses requires the Court to impose what we call an indefinite sentence? In other words, a minimum sentence and a maximum sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: * * * And this comes under the Reagan Tokes. So what the Court will do is for those felonies of the first and second degree, I will select a minimum term from the range of penalties that's by statute. On the felonies of the second degree, I would select either two, three, four, five, six, seven, or eight years. And on the felony of the first degree, I would select a term of either 3, 4, 5, 6, 7, 8, 9, 10, or 11 years.

Then what I would do at that point in time is decide what the maximum penalty should be. And that's decided by basically a formula. I look at what the minimum sentence is I selected. I take half of that number,

add it back on to the minimum sentence for the maximum sentence.

Give you an example. If I sentence you to the maximum under the felony of the first degree, that would be 11 years. Half of 11 is 5-1/2. So I take the 5-1/2, add it back into the 11, which give[s] a maximum of 16-1/2. So the sentence could be 11 years to 16-1/2, and that is the maximum sentence on the felonies of the first degree. Do you understand that?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: The same thing happens on the felonies of the second degree. I select a - - minimum range, which is two to eight. Again, if it was the maximum, it would be eight. And I would take half of 8, which is 4, add it back to the eight is 12. So the maximum sentence on the felonies of the second degree would be 8 to 12 years. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, the minimum on the felonies of the second degree would be two years. And if I add half of that back, it would be three. So the minimum sentence would be two to three on each of the felonies of the third degree.

And on the felonies of the first degree, the minimum would be three. I would take half of three, which is one-and-a-half. So it would be three to four-and-a-half.

That would be the minimum sentences on the felonies of the first

degree and felonies of the second degree. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, do you also understand, the Court will have to decide if these sentences are to run concurrently or consecutively, meaning together or after each other? Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand that this decision is going to affect the length of your minimum tern and your maximum terms? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And under the scenario that I went over with you on the felonies of the first degree and felonies of the second degree, you understand the minimum sentences and the maximum sentences on those offenses, correct?

THE DEFENDANT: Correct.

THE COURT: And you understand on the murder offense alone, that is a sentence of 15 years to life? You understand that?

THE DEFENDANT: Yes.

THE COURT: And then on the felonies of the third degree, I went over that with you, those are what we call definite sentences that I have to impose or would impose, no minimum, no maximum, but just either 9, 12, 18, 24, 30, or 36 months on the two felonies in the third degree. Do you

understand that?

THE DEFENDANT:   Yes.

THE COURT:   And again, I could run these together, concurrently, or I could run them consecutively.   You understand that?

THE DEFENDANT:   Yes, sir.

{¶ 9} Consistent with the pronouncements at the plea hearing, McLean's plea form for Count 2 of the original indictment (a second-degree felony) listed potential prison terms of 2, 3, 4, 5, 6, 7, or 8 years and an indeterminate maximum term of 12 years; his plea forms for Count 7 of the original indictment and Count 6 of the reindictment (first-degree felonies) listed prison terms of 3, 4, 5, 6, 7, 8, 9, 10, or 11 years and maximum terms of 16.5 years.

{¶ 10} On September 29, 2021, the court sentenced McLean as follows: a term of 15 years to life on the murder charge; a minimum of 11 years and a maximum term of 16-1/2 years for kidnapping; for child endangering under the B indictment, 36 months; for endangering children in the A indictment, Count 1, 36 months, and Count 2, 8-12 years; and for rape, 11 years to 16½ years.   The court also ordered that the sentences be served consecutively.   The aggregate sentence was 51 years to life.

{¶ 11} The trial court's judgment entry of conviction imposed the same sentences except that, on the rape offense, it stated a minimum term of 11 years and a maximum term of 16 years (rather than 16½).

{¶ 12} McLean asserts three assignments of error.   His first assignment of error is as follows:

THE INDEFINITE PRISON SENTENCES IMPOSED BY THE TRIAL COURT ARE CONTRARY TO LAW BECAUSE THE TRIAL COURT FAILED TO PROVIDE THE STATUTORILY REQUIRED NOTICES IN R.C. 2929.19(B)(2)(c).

{¶ 13}  The State concedes that the trial court failed to comply with R.C. 2929.19, which governs sentencing hearings, and we agree.   R.C. 2929.19 provides:

(2) Subject to division (B)(3) of this section, if the sentencing court determines **at the sentencing hearing** that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) If the prison term is a non-life felony indefinite prison term, **notify the offender of all of the following:**

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the

offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

(Emphasis added.) *See also State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 27-31.

{¶ 14} The trial court failed to make the required indefinite sentencing notifications at the sentencing hearing. They also were not included in the judgment entry of conviction. The court's failure to comply with R.C. 2929.19(B)(2)(c) renders McLean's sentence contrary to law. Accordingly, his first assignment of error is sustained.

**{¶ 15}** McLean's second assignment of error is as follows:

THE TRIAL COURT FAILED TO PROPERLY CALCULATE AND INFORM APPELLANT OF HIS MAXIMUM PRISON TERM FOR QUALIFYING FELONIES OF THE FIRST OR SECOND DEGREE – FOR MULTIPLE SENTENCES AND CONSECUTIVE SENTENCES – AS MANDATED BY R.C. 2929.144.

**{¶ 16}** McLean asserts that the trial court incorrectly imposed "an additional 50%" on each qualifying felony of the first or second degree, rather than on only the most serious felony being sentenced. The State responds that the trial court properly sentenced McLean in accordance with the Reagan Tokes Act. The State directs our attention to *State v. Searls*, 2022-Ohio-858, 186 N.E.3d 328 (2d Dist.)

**{¶ 17}** This Court has summarized the Reagan Tokes Act as follows:

The Reagan Tokes Law, effective on March 22, 2019, " 'significantly altered the sentencing structure for many of Ohio's most serious felonies' by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after the effective date." *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. The Law requires the sentencing judge to impose a "minimum term" from within the currently established sentencing range and a "maximum term" of an additional fifty percent of the imposed minimum term. *See* R.C. 2929.144(B). "Release [from prison] is presumed to occur at the expiration of the 'minimum term,' however the Department of Rehabilitation and

Corrections [DRC] may, under certain circumstances, rebut that release presumption and impose additional prison time up to the 'maximum term.' " The Ohio Criminal Sentencing Commission, SB 201 Quick Reference Guide July 2019. The DRC may also reduce the minimum term, with the approval of the sentencing court. *Id.*

*State v. Leamman*, 2d Dist. Champaign Nos. 2021-CA-30 and 2021-CA-35, 2022-Ohio-2057, ¶ 9, quoting *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 20.

{¶ 18} R.C. 2929.144 provides:

* * *

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

* * *

(2) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies

that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

(3) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.

* * *

(C)  The court imposing a prison term on an offender pursuant to division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first degree shall sentence the offender, as part of the sentence, to the maximum prison term determined under division (B) of this section.  The court shall impose this maximum term at sentencing as part of the sentence it imposes under section 2929.14 of the Revised Code, and shall state the minimum term it imposes under division (A)(1)(a) or (2)(a) of that section, and this maximum term, in the sentencing entry.

**{¶ 19}** In *Searls*, 2022-Ohio-858, 186 N.E.3d 328, we noted that "only one maximum term is calculated under R.C. 2929.14." *Id.* at ¶ 22. We held:

First and second-degree felonies committed after March 22, 2019, which do not already carry a life-tail, fall under the umbrella of the Reagan Tokes Act. R.C. 2967.271; *State v. Ross*, 2d Dist. Montgomery No. 28875, 2021-Ohio-1337, ¶ 7. When a prison sentence is imposed on such a "qualifying felony," the statute requires the trial court to impose an indefinite prison term with a stated minimum term and a calculated maximum term. R.C. 2929.14(A)(1)(a); R.C. 2929.14(A)(2)(a); R.C. 2929.144.

\* \* \*

A trial court may consider whether multiple sentences should be served concurrently or consecutively only after the court has "consider[ed] each offense individually and impose[d] a separate sentence for each offense." \* \* \*

Consistent with this approach, when imposing a prison sentence under the Reagan Tokes Act, the trial court first must select, for each offense, a stated minimum term from the appropriate statutory range for either a first- or second-degree felony, unless a specific penalty applies. R.C. 2929.14(A)(1)(a); R.C. 2929.14(A)(2)(a). For felonies that do not fall within the Reagan Tokes Act, the trial court imposes a definite prison term from the appropriate statutory range. Next, after determining whether to impose concurrent or consecutive sentences, the trial court must calculate

the maximum term using the methodology provided in R.C. 2929.144(B).

* * *

The trial court is required to sentence the offender, as part of the court's sentence under R.C. 2929.14, to the calculated maximum prison term. R.C. 2929.144(C). Both the stated minimum term and the calculated maximum term must be included in the sentencing entry. *Id.*

*Id.* at ¶ 23, 25-26, 28.

{¶ 20} In *Searls*, we described the trial court's imposition of sentence as follows:

[T]he trial court orally imposed identical sentences for the three qualifying counts of pandering obscenity involving a minor, all felonies of the second degree. At sentencing, the trial court told Searls: "On Counts [38], [41], and [53], all counts subject to the Reagan Tokes Act, I'm going to sentence you to a minimum sentence of 8 years and a maximum sentence of 12 years on each count to be served concurrently with one another, but consecutive to Count I, the gross sexual imposition." The court also imposed definite sentences of five years for gross sexual imposition, five years for the remaining 57 counts of pandering obscenity involving a minor, and 18 months for attempted tampering with evidence. The sentences for the gross sexual imposition (5 years), the combined 57 counts of pandering obscenity (5 years), and the combined 3 counts of pandering obscenity (minimum 8 years) were run consecutively to each other. The trial court told Searls that his aggregate sentence was 18 to 22 years in prison.

In its judgment entry, the trial court imposed a minimum of 8 years and a maximum of 12 years in prison on Count 38. As for Counts 41 and 53, the judgment entry read: "COUNT [41 and 53]: PANDERING OBSCENITY INVOLVING MINOR (create, reproduce, publish) (F2) (SUBJECT TO REAGAN TOKES ACT): EIGHT (8) YEARS * * *." The counts were ordered to be served concurrently with each other but consecutively to the other counts in the indictment. After setting forth the sentences for all offenses, the judgment entry stated: "FOR A TOTAL SENTENCE OF A MINIMUM OF EIGHTEEN (18) YEARS AND A MAXIMUM OF TWENTY-TWO (22) YEARS."

*Id.* at ¶ 29-30.

{¶ 21} On appeal, we held that the trial court's calculation of the total sentence had been correct, but with some qualifications as to how it had addressed individual sentences:

* * * The sum of the stated minimum terms and the definite terms that were being run consecutively was 18 years in prison. Pandering obscenity involving a minor was the most serious felony (a felony of the second degree), and the longest definite or minimum term for that offense was the eight-year sentence imposed on the three counts subject to the Reagan Tokes Act. Upon adding fifty percent of that sentence (four years) to the 18-year aggregate minimum term, the maximum term totaled 22 years in prison. The trial court properly indicated that maximum term following its

statement of the individual sentences.

Nevertheless, we note that the language of the trial court's judgment entry as to Counts 38, 41, and 53, specifically, does not comport with the statutory scheme. The sentences for Counts 41 and 53, as written, were definite sentences. Although the judgment entry indicated that the counts were subject to the Reagan Tokes Act, nothing in the wording of the individual sentences indicated that the eight-year terms were the stated minimum term of an indefinite sentence. As to Count 38, the trial court's imposition of a maximum term of 12 years for that count was not appropriate, because only a single maximum term (in this case, 22 years) is calculated under R.C. 2929.144(B)(3). The inclusion of both a minimum and a calculated maximum totaling 50 percent of the minimum term for the individual offense is proper only when one felony prison term is imposed under the Reagan Tokes Act. *See* R.C. 2929.144(B)(1).

In summary, where the trial court is imposing prison sentences on multiple counts under the Reagan Tokes Act, the trial court's sentence for each individual count should make clear that the prison term is a stated minimum sentence, as opposed to a definite sentence. Where the maximum term is * * * calculated under R.C. 2929.14(B)(2) or R.C. 2929.14(B)(3), the trial court should not state the maximum term for each individual offense as if it were calculated under R.C. 2929.144(B)(1). Rather, the trial court may state the aggregate minimum term and calculated

maximum term following all of the individual sentences, as it did here.

Accordingly, we will remand for the trial court to file an amended entry modifying the language of Counts 38, 41, and 53 to clarify that the eight-year term for each of those counts is the stated minimum term of an indefinite sentence under the Reagan Tokes Act. While no specific language is required, the trial court may satisfy this mandate by modifying the language in Counts 38, 41, and 53 to read, in part: "PANDERING OBSCENITY INVOLVING MINOR (create, reproduce, publish) (F2) (SUBJECT TO REAGAN TOKES ACT): AN INDEFINITE PRISON TERM WITH A MINIMUM TERM OF EIGHT (8) YEARS * * *."

*Searls* at ¶ 31-34.

{¶ 22} For the qualifying felonies in McLean's case, the trial court was required to first choose a stated minimum term from the appropriate statutory range, which it did, and to select a definite term for the felonies of the third degree, which it also did. The court imposed minimum terms of eight and eleven years on the qualifying felonies. It imposed 36-month definite sentences upon each of the two felonies of the third degree for a total of six years. The aggregate minimum term is determined by adding the stated minimum terms of the qualifying offenses to the definite terms of the third degree felonies (30 + 6 = 36 years).

{¶ 23} Next, the court was required to determine whether to impose concurrent or consecutive sentences and then calculate the one maximum term pursuant to pursuant to R.C. 2929.144(B). The trial court chose to impose consecutive sentences, and it was

required to then calculate the one maximum term by adding 50 percent of the longest minimum term of 11 years from one of the qualifying first degree felonies to the aggregate minimum term (36 + 5 ½ = 41 ½ years). The court's judgment entry does not reflect the aggregate minimum term and the maximum term of 41½ years pursuant to Reagan Tokes. It merely provides that the total sentence imposed is 51 years to life (which includes the 15 years to life sentence imposed for murder).

{¶ 24} Because the trial court failed to calculate the aggregate minimum term of 36 years and the one maximum term of 41½ years pursuant to Reagan Tokes, McLean's second assignment of error is sustained.

{¶ 25} McLean's third assignment of error is as follows:

APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY ENTER HIS GUILTY PLEAS BECAUSE THE TRIAL COURT FAILED TO PROPERLY ADVISE HIM OF THE MINIMUM AND MAXIMUM TERMS IF ALL COUNTS WERE TO BE IMPOSED CONSECUTIVELY.

{¶ 26} McLean asserts that the trial court "failed to properly advise him of the minimum and maximum terms if all counts were to be imposed consecutively." According to the State, "the only portion of Crim.R. 11 [with] which McLean contends the trial court failed to comply" was the "non-constitutional requirement" in Crim.R. 11(C)(2)(a) pertaining to the maximum penalty for his offenses. However, the State asserts that the trial court fully explained the maximum possible sentence for each of the four charges to which McLean pled guilty and "substantially (if not strictly) complied" with Crim.R.

11(C)(2)(a).

**{¶ 27}** " 'Due process requires that a defendant's plea be knowing, intelligent, and voluntary,' and compliance with Crim.R. 11(C) ensures the constitutional mandate is followed." *State v. Somerset*, 2d Dist. Montgomery No. 29249, 2022-Ohio-2170, ¶ 6, citing *State v. Brown*, 2d Dist. Montgomery No. 28966, 2021-Ohio-2327, ¶ 8.

**{¶ 28}** Crim.R. 11 (C) provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the

defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶ 29}** We have observed:

Strict compliance with the constitutional advisements is crucial to demonstrate that the plea is aligned with due process. *Brown* at ¶ 9. "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 10.

Conversely, the court must substantially comply with notification of the non-constitutional rights contained in Crim.R. 11(C)(2)(a) and (b), and prejudice must be demonstrated to vacate a plea. *State v. McElroy*, 2d Dist. Montgomery No. 28974, 2021-Ohio-4026, ¶17. " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *State v. Thomas*, 2d Dist. Montgomery No. 26907, 2017-Ohio-5501, ¶ 37, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

*Somerset* at ¶ 8-9.

**{¶ 30}** We agree with the State that the requirement that the court determine that McLean understood the maximum penalty involved did not implicate a constitutional right,

and that strict compliance with Crim.R. 11 was not required. Pursuant to the analysis under the Reagan Tokes Act, as set forth above, McLean was subject to a sentence of 36 years to 41½ years. He was also subject to a sentence of 15 years to life for murder, an unclassified felony. The minimum term of 36 years, plus the minimum term for murder (36 + 15 years) was 51 years plus the life tail. McLean indicated to the court at the plea hearing that he understood that his maximum sentence would be between 40 and 51 years to life. Between the original indictment and the reindictment, McLean was charged with 15 offenses, including four counts of murder. Pursuant to the plea agreement, he entered pleas to six offenses. The record reflects that McLean was aware that he was subject to a potential life sentence. Under the totality of the circumstances, prejudice is not demonstrated, and we conclude that McLean subjectively understood his sentence. In other words, we conclude that McLean's pleas were knowingly, intelligently and voluntarily entered. Accordingly his third assignment of error is overruled.

{¶ 31} The judgment of the trial court is affirmed in part and reversed in part, and the matter is remanded solely for purposes of resentencing. On remand, the court is instructed to provide the required indefinite sentencing notifications and to resentence McLean so as to properly include both the aggregate minimum term and the calculated maximum term in its judgment entry of conviction.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
J. David Turner
Hon. Dennis J. Adkins