[Cite as *State v. Foster*, 2023-Ohio-728.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2021-CA-50 |
| | : | |
| v. | : | Trial Court Case No. 21-CR-0408E |
| | : | |
| REGAN FOSTER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 10, 2023

. . . . . . . . . . .

IAN A. RICHARDSON, Attorney for Appellee

ADAM JAMES STOUT, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Appellee, the State of Ohio, concedes that the trial court erred at Regan Foster's sentencing hearing on several first- and second-degree felonies, because it failed to inform her of the Reagan Tokes Law notifications set forth in R.C. 2929.19(B)(2)(c). Based upon this concession, the trial court's judgment is reversed, and

the case is remanded to the trial court for the sole purpose of resentencing Foster in accordance with R.C. 2929.19(B)(2)(c).

## Facts and Procedural History

{¶ 2} In June 2021, a Clark County grand jury issued a 122-count indictment involving eight individuals; Foster was one of the defendants. Following plea negotiations, Foster pleaded guilty to engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1), a first-degree felony, three counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), all second-degree felonies, and trafficking in fentanyl, also a second-degree felony. The remaining counts involving Foster were dismissed. The parties further agreed that two pending charges would not be presented to the grand jury and that Foster's prison sentence would be 18-21 years, to be served consecutively to a prison term Foster was serving in a separate case. Finally, it was agreed that Foster would forfeit cash in the amount of $240.

{¶ 3} Upon completing the plea hearing, the trial court immediately conducted the sentencing hearing. The trial court imposed the agreed-upon prison term, ordered forfeiture of the $240, and imposed a $7,500 fine on each trafficking count. The next day, the trial court filed a judgment entry of conviction. This appeal followed.

## Analysis

{¶ 4} Foster was sentenced under the Reagan Tokes Law which, at R.C. 2929.19(B)(2)(c), provides in relevant part as follows:

[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:

* * *

(c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be

reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 5} We have concluded that the above language requires the trial court to provide the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing. *State v. Massie*, 2d Dist. Clark No. 2020-CA-50, 2021-Ohio-3376, ¶ 22. We have further concluded that a trial court's failure to provide the R.C. 2929.19(B)(2)(c) advisements at the sentencing hearing requires reversal of the judgment and a remand to the trial court for resentencing in accordance with R.C. 2929.19(B)(2)(c). *Id.* at ¶ 23, 25; *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 29; *State v. McMahon*, 2d Dist. Montgomery No. 29268, 2022-Ohio-2806, ¶ 14.

{¶ 6} Foster's only assignment of error asserts that the trial court failed to provide the R.C. 2929.19(B)(2)(c) notifications at the sentencing hearing. And, as noted, the State concedes this error. Given this, Foster's assignment of error will be sustained.

**Conclusion**

{¶ 7} The judgment of the trial court is reversed, and the matter is remanded to the trial court for the sole purpose of resentencing Foster consistent with R.C. 2929.19(B)(2)(c).

. . . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.