[Cite as *State v. Martinez*, 2021-Ohio-3994.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No.  L-21-1020

Appellee                                        Trial Court No.  CR0202001260

v.

Porfirio Martinez                              **DECISION AND JUDGMENT**

Appellant

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a December 30, 2020 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to a, "[M]andatory term of 10 to 15 years

on Count 1, and [a] mandatory term of 5 years in Count 2, consecutive to one another," following appellant's convictions on two counts of rape, in violation of R.C. 2907.02, both felonies of the first degree. For the reasons set forth below, this court dismisses this appeal, in part, affirms, in part, reverses, in part, and remands the case for resentencing.

{¶ 2} Of primary significance to this case, the transcript of appellant's sentencing hearing reflects that after announcing appellant's sentences imposed on the two first degree felony convictions, the trial court did not take the additional, mandatory step of calculating and determining appellant's aggregate minimum and maximum terms of incarceration, as required by R.C. 2929.144 (B)(2).

{¶ 3} The December 30, 2020, sentencing entry stated, "Pursuant to Senate Bill 201, defendant is ordered to serve an indefinite term of a minimum of 10 years to a maximum of 15 years in prison as to Count 1; 5 years as to Count 2."

{¶ 4} The record reflects that the sentence imposed by the trial court did not include the requisite R.C. 2929.144 (B)(2) calculations and establish the aggregate minimum and maximum sentencing range, ultimately constituting appellant's sentence, either during the sentencing hearing, or include it in the written sentencing entry.

{¶ 5} Separately, and for the reasons elaborated below, this court dismisses the separation of powers argument set forth in this appeal on the basis of ripeness. Appellant has not yet served the minimum term. Therefore, it is not presently known whether or

2.

not appellant will be denied release after serving the presumptive minimum term. *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, ¶ 11.

{¶ 6} In conjunction, we note that the *Maddox* ripeness position followed by this court has been certified and is currently pending an Ohio Supreme Court determination on the issue. *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 7} The balance of the appeal, an ineffective assistance of counsel claim, is not premised upon, and therefore is not contingent upon, the dismissed separation of powers claim. Accordingly, it will be determined upon the merits.

{¶ 8} Lastly, in response to the above-discussed absence of an R.C. 2929.144(B)(2) aggregate sentencing range in appellant's sentence, appellee asserts in "State's Assignment of Error I" that the trial court did not correctly calculate appellant's sentence and requests that the sentence should be corrected. We shall construe this to be a cross-assignment of error.

{¶ 9} We note that appellee's cross-assignment and argument in support does not take a position regarding whether the correction be undertaken upon remand to the trial court, or be done directly by this court pursuant to R.C. 2953.08(G)(2).

{¶ 10} Appellant, Porfirio Martinez, sets forth the following two assignments of error:

I. INDEFINITE SENTENCING UNDER THE REAGAN TOKES ACT IS UNCONSTITUTIONAL.

3.

## II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 11} The following undisputed facts are relevant to this appeal. During a time period spanning from June 1 through June 27, 2019, a seven-year-old girl had multiple overnight visits at a residence in East Toledo where her adult sister and appellant, the sister's boyfriend, resided.

{¶ 12} The victim subsequently disclosed to her mother that during the June, 2019 sleepovers, appellant would wake up the victim in the middle of the night, take her into the bathroom, force her onto his lap, and then appellant would proceed to, "put his pee pee in [the victim's] butt, it hurt, and his pee pee did its slober thing [ejaculated]."

{¶ 13} On June 29, 2019, in response to the unsettling disclosures by the child, the victim was taken to a Toledo-area hospital by her mother for the performance of a rape kit and an examination by a sexual assault nurse examiner. In addition, the victim's underwear was taken into evidence for DNA testing to be conducted.

{¶ 14} In the course of the criminal investigation triggered by the disclosures, the evidence collected reflected that on multiple occasions during the victim's sleepovers at her sister's home, appellant forcibly engaged in anal intercourse with the child. Of dispositive significance, appellant's DNA matched the semen recovered from the rear-end portion of the victim's underwear.

4.

{¶ 15} On February 12, 2020, appellant was indicted on two counts of rape, in violation of R.C. 2907.02(A), both felonies of the first degree.

{¶ 16} On November 30, 2020, following several pretrial conferences, the exchange of discovery, and ongoing negotiations between the parties, appellant voluntarily entered guilty pleas, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.E.2d 162, to two counts of the lesser included offense of rape, in violation of R.C. 2907.02(A), felonies of the first degree.

{¶ 17} As particularly relevant to appellant's ineffective assistance of counsel argument, the record reflects that during the course of the proceedings below the trial court confirmed that appellant was educated through the twelfth grade, reads, writes, understands English, was not under the influence of drugs or alcohol, was clear-headed, understood the executed plea forms, and repeatedly affirmed that he understood the proceedings.

{¶ 18} On December 30, 2020, the case proceeded to sentencing. The transcripts reflect that the trial court carefully explained all facets and implications of the events transpiring to appellant. The colloquy likewise reflects appellant's affirmation of his understanding.

{¶ 19} However, as the sentencing hearing continued, trial counsel unilaterally proclaimed to the court, without any supporting evidence, that appellant suffers from fetal

5.

alcohol syndrome. Counsel conjectured, "I *believe* knowing [appellant] as long as I have, that he has Fetal Alcohol [Syndrome]." (Emphasis added).

{¶ 20} We note that counsel offered no evidence in support of this claim, conceded that the claim was merely a "suspicion", and conceded that appellant has never been tested regarding fetal alcohol syndrome.

{¶ 21} In further contravention of counsel's unilateral claim, counsel also conceded that she had determined that she would not be filing a competency motion regarding appellant in the instant case because appellant's IQ is, "not low enough and given the facts of this case as well, I did not submit for those motions." Accordingly, counsel made a strategic decision to not pursue any such filing.

{¶ 22} The record reflects that at multiple points during the proceedings, in direct response to the trial court's inquiry of appellant's understanding, appellant confirmed his understanding of what was transpiring. Appellant verified his understanding in numerous direct replies to the trial court during the proceedings, such as, "I understood like what was happening."

{¶ 23} The trial court proceeded to sentence appellant on the first count of rape to an indefinite sentence, ranging from a minimum term of ten years to a maximum term of 15 years, ordered to be served consecutively with the five-year term of incarceration imposed on the second count of rape. Again, no R.C. 2929.144(B)(2) aggregate

6.

minimum and maximum sentence range was determined or incorporated into the sentence. This appeal ensued.

{¶ 24} In the first assignment of error, appellant asserts that the felony sentence imposed is unconstitutional, in violation of the separation of powers doctrine, given the applicability of the Reagan Tokes Act ("Tokes") to the sentence. This portion of the appeal must be dismissed for the reasons discussed below.

{¶ 25} Tokes restored indefinite sentencing in Ohio for first and second degree felonies committed subsequent to March 22, 2019, such as the first degree felony rape convictions and sentence underlying this appeal. *See* R.C. 2929.144.

{¶ 26} In support of the first assignment, appellant argues that, "Despite a rebuttable presumption that a defendant will be released upon completion of the minimum sentence * * * ODRC can order a defendant to serve the maximum term for violation of any law that demonstrates that the defendant has not been rehabilitated."

{¶ 27} Appellant concludes that such potential future ODRC action would constitute the executive branch of government unconstitutionally usurping authority from the judicial branch of government, in violation of the separation of powers doctrine.

{¶ 28} As previously held by this court in response to analogous separation of powers sentencing claims submitted upon appeal, "Our controlling precedent as to the issue raised, the constitutionality of the provisions for indefinite sentencing in the Reagan Tokes law, as codified in R.C. 2967.271, requires dismissal of the appeal. *See State v.*

7.

*Stenson*, 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 14; citing *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702." *State v. Figley*, 6th Dist. Lucas L-20-1167, 2021-Ohio-2622, ¶ 4.

{¶ 29} As further elaborated in *Figley*, at ¶ 5, "Beginning with our decision in *Maddox*, we have consistently held that *a challenge to the Reagan Tokes law becomes ripe only after an individual sentenced under that law has completed the minimum term of the indefinite sentence and has been denied release [by ODRC].*" (Emphasis added).

{¶ 30} Accordingly, we dismiss the first assignment of error on the basis of ripeness. Appellant has not yet completed the minimum term of the indefinite sentence, and thus he has not thereafter been granted or denied release by ODRC, so as to arguably trigger separation of powers implications.

{¶ 31} Given that the cross-assignment likewise pertains to sentencing, we shall address it next. Appellee argues on cross-assignment that the trial court did not determine an aggregate minimum and maximum sentencing range for appellant, as required by R.C. 2929.144.

{¶ 32} In support, appellee argues that, "[D]efendant's sentence reflects he was sentenced to a minimum term of 10 years to a maximum term of 15 years for Count 1, and a term of 5 years for Count 2—those sentences to be served consecutively. *Instead, pursuant to [Tokes], defendant's sentence should reflect that he was sentenced to [an*

8.

*aggregate] minimum term of 15 years to a maximum term of 20 years*." (Emphasis added). We concur, and the record comports with the cross-assignment of error.

{¶ 33} Pursuant to R.C. 2929.144(B)(2), in calculating the aggregate sentencing range for first degree felony convictions, such as the two rape convictions underlying the instant case, the trial court must first add all consecutively imposed terms in order to determine the aggregate minimum term.

{¶ 34} In this case, appellant was sentenced to a ten-year term of incarceration on the first count of rape, ordered to be served consecutively with a five-year term of incarceration imposed on the second count of rape. Accordingly, adding these consecutively imposed terms establishes that the aggregate minimum term of incarceration in this case should have been computed to be 15 years.

{¶ 35} Next, the statute directs that the maximum aggregate term of incarceration be computed by adding 50% of the longest minimum term for the most serious felony offense to the aggregate minimum term of the sentencing range. In this case, that calculation would entail adding five years (half of ten years, the longest minimum term) to 15 years (the aggregate minimum term) to equate 20 years as the aggregate maximum term to be imposed.

{¶ 36} Accordingly, the correct aggregate sentencing range, as computed in accordance with R.C. 2929.144, results in an indefinite aggregate sentence for appellant, ranging from a minimum term of 15 years to a maximum term of 20 years.

9.

{¶ 37} Because the record reflects that the sentence did not include an R.C. 2929.144(B)(2) aggregate minimum and maximum sentencing range, we find appellee's cross-assignment of error well-taken.

{¶ 38} We remand the case to the trial court so that the R.C. 2929.144 aggregate sentencing range can be determined and imposed directly by the trial court, in order to rectify the incomplete sentence previously imposed by the trial court.

{¶ 39} In the second assignment of error, appellant argues that he received ineffective assistance of counsel. In support, appellant specifically maintains that trial counsel should have filed a competency motion given trial counsel's lay position that appellant suffers from fetal alcohol syndrome. We do not concur.

{¶ 40} We note that inasmuch as the second assignment of error is not premised on the procedurally dismissed separation of powers constitutional basis, we can proceed with resolution of the second assignment of error on the substantive merits.

{¶ 41} It is well-established that in order to prevail on an ineffective assistance of counsel claim, it must be demonstrated both that trial counsel's performance fell below an objective standard of reasonableness in some specific way, and that, but for the established deficiency, the outcome of the case would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

{¶ 42} As applied to the instant case, we find that the record of evidence does not comport with appellant's ineffective assistance claims. On the contrary, the record of

10.

evidence consistently reflects appellant's understanding of the proceedings regardless of trial counsel's speculative claim of appellant having fetal alcohol syndrome.

{¶ 43} The record contains no evidence demonstrative of any conditions of appellant, fetal alcohol syndrome or otherwise, reflective that appellant was not competent to resolve the criminal cases pending against him.

{¶ 44} Conversely, the record reflects, through appellant's own discourse with the trial court itself, that appellant was clearheaded, not under the influence of any substances, was a high school graduate, had not been threatened or induced, and properly understood the proceedings.

{¶ 45} When questioned by the trial court why she had not filed a competency motion given her belief that appellant has fetal alcohol syndrome, trial counsel replied, "But you know, *my professional opinion that is probably not low enough and given the facts of this case * * * I did not submit for those motions*."  (Emphasis added).

{¶ 46} The record reflects that trial counsel made a tactical determination that there was not an evidentiary basis to challenge appellant's legal competency in this case.

{¶ 47} Accordingly, we find that appellant has failed to establish that a reasoned, tactical decision of trial counsel to decline to file a competency motion lacking in evidentiary support was outcome determinative, so as to have arguably constituted ineffective assistance of counsel.

11.

**{¶ 48}** Accordingly, we find appellant's second assignment of error not well-taken.

**{¶ 49}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby dismissed, in part, affirmed, in part, and reversed, in part.

**{¶ 50}** This case is remanded to the trial court for a resentencing hearing for R.C. 2929.144 compliance purposes. Appellant and appellee are each order to pay one-half of the costs of this appeal pursuant to App.R. 24.

Judgment dismissed, in part,
affirmed, in part, and
reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                           _____
                                                 JUDGE

Thomas J. Osowik, J.
CONCUR.                                     _____
                                                 JUDGE


Christine E. Mayle, J.                             _____
CONCURS IN DECISION                                     JUDGE
ONLY AND WRITES
SEPARATELY.

**MAYLE, J.**

{¶ 51} I concur with the majority to the extent that it concludes that (1) under *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, Martinez's challenges to the constitutionality of the Reagan Tokes Act are not ripe for review; (2) his ineffective-assistance argument should be found not well-taken; and (3) there is an error in the sentencing entry that must be corrected. I write separately for two reasons.

{¶ 52} First, for the sake of judicial economy and under the authority granted to us under R.C. 2953.08(G)(2)—permitting us to "increase, reduce, or otherwise modify a sentence"—I would find that this court should modify the trial court judgment itself to specify the aggregate sentence imposed instead of remanding the matter to the trial court for correction. To that end, I would modify the trial court judgment to reflect that Martinez was sentenced to an aggregate minimum term of 15 years (ten years on Count 1 plus five years on Count 2 equals 15 years) and a maximum term of 20 years (15 years plus 50 percent of the longest minimum term for the most serious felony offense imposed—i.e., 50 percent of the 10 years imposed on Count 1—equals 20 years).

{¶ 53} Additionally, although I agree that we must follow this court's decision in *Maddox*—which held that the appellant's constitutional challenges to the Reagan Tokes Act, S.B. 201, are not ripe for review—I disagree with the majority's ultimate decision to dismiss this appeal while simply "noting" the conflict that the Supreme Court of Ohio has determined exists between *Maddox* and *State v. Leet*, 2d Dist. Montgomery

13.

No. 28670, 2020-Ohio-4592*; State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837. *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150.

{¶ 54} In my view, we do not have the constitutional authority to simply "note" a conflict between our court and another Ohio court of appeals—once we determine that a conflict exists, we *must* certify the conflict to the Supreme Court of Ohio under Section 3(B)(4), Article IV of the Ohio Constitution, which states, "*[w]henever* the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, *the judges shall certify the record of the case to the supreme court for review and final determination*." (Emphasis added).

{¶ 55} For that reason, I would find that our judgment in this appeal—which follows *Maddox*—is in conflict with decisions of the Second, Third, and Twelfth District Courts of Appeals. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker,* 161 N.E.3d 112, 2020-Ohio-5048 (3d Dist.); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Rodgers*, 157 N.E.3d 142, 2020-Ohio-4102 (12th Dist.); and *State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103.

14.

{¶ 56} I would dismiss this appeal and sua sponte certify a conflict to the Supreme Court of Ohio, pursuant to Article IV, Section 3(B)(4), Ohio Constitution, on the same issue certified in *Maddox,* 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150:

Is the constitutionality of the provisions of the Reagan Tokes Act, which allow the Department of Rehabilitation and Correctio[n] to administratively extend a criminal defendant's prison term beyond the presumptive minimum term, ripe for review on direct appeal from sentencing, or only after the defendant has served the minimum term and been subject to extension by application of the Act?

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.