# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ASHLEY B. CROLEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 CO 0011**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2023 CR 512

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Sentence Vacated and Remanded.

---

*Atty. Vito Abruzzino*, Columbiana County Prosecutor and *Atty. Shelley M. Pratt,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Max Hersch,* Assistant Public Defender, Office of the Ohio Public Defender, for Defendant-Appellant.

Dated:  November 18, 2024

**DICKEY, J.**

{¶1}   Appellant, Ashley B. Croley, appeals from the February 9, 2024 judgment of the Columbiana County Court of Common Pleas sentencing her to an indefinite prison term for escape, grand theft of a motor vehicle, felonious assault, and vehicular assault following a guilty plea.  On appeal, Appellant takes issue with her sentence pursuant to the Reagan Tokes Law.  For the reasons stated, because the trial court miscalculated the maximum sentence on count three, felonious assault, we vacate Appellant's sentence and remand the matter to the trial court for resentencing in accordance with the Reagan Tokes Law consistent with this Opinion.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On September 13, 2023, Appellant was secretly indicted by the Columbiana County Grand Jury on four counts: count one, escape, a felony of the third degree in violation of R.C. 2921.34(A)(1); count two, grand theft of a motor vehicle, a felony of the fourth degree in violation of R.C. 2913.02(A)(1); count three, felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1); and count four, vehicular assault, a felony of the third degree in violation of R.C. 2903.08(A)(2) and (B).  The charges stem from Appellant's involvement in escaping from the Eastern Ohio Correctional Center, stealing a motor vehicle, and injuring its owner by driving over his foot.  Appellant was appointed counsel and pled not guilty at her arraignment.

{¶3}   Thereafter, Appellant withdrew her former not guilty plea and entered a guilty plea to all four counts as contained in the indictment.  The trial court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11.

{¶4}   The parties agreed that counts three and four should merge for sentencing purposes.  Appellee, the State of Ohio, elected to proceed to sentencing on counts one, two, and three.  On February 9, 2024, the trial court sentenced Appellant to a definite prison term of 24 months on count one, escape, a felony of the third degree; a definite prison term of 12 months on count two, grand theft of a motor vehicle, a felony of the fourth degree; and an indefinite prison term of six years (minimum) to 12 years (maximum) on count three, felonious assault, a felony of the second degree.  The court ordered

counts one and two to be served concurrently with each other. The court ordered count three to be served consecutively to counts one and two. Appellant was granted 102 days of jail-time credit. The court notified Appellant that post-release control is mandatory for a period of 18 months.

{¶5} Appellant filed this appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT CALCULATED THE MAXIMUM TERM OF ASHLEY CROLEY'S FELONIOUS-ASSAULT SENTENCE AS THE MINIMUM TERM OF THAT COUNT PLUS ONE HUNDRED PER CENT OF THE MINIMUM.**

{¶6} In her sole assignment of error, Appellant argues the trial court erred in sentencing her to an indefinite prison term of six years (minimum) to 12 years (maximum) on count three, felonious assault, a felony of the second degree.

{¶7} This court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals. *State v. Michaels*, 2019-Ohio-497, ¶ 2 (7th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

{¶8} R.C. 2953.08(G) states in pertinent part:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2)(a)-(b).

**{¶9}** "Applying the plain language of R.C. 2953.08(G)(2), [the Supreme Court of Ohio held] that an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum* at ¶ 1.

**{¶10}** Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019. A "qualifying felony" refers to a felony offense for which an indefinite sentence is required. *See* R.C. 2929.144(A). "[W]hile R.C. 2929.144 governs the calculation of the maximum sentence term, R.C. 2929.14(A) governs the imposition of indefinite sentences." *State v. McLoyd*, 2023-Ohio-3971, ¶ 65 (8th Dist.), citing *State v. Wilson*, 2023-Ohio-1042, ¶ 68 (8th Dist.).

**{¶11}** R.C. 2929.14(A) states in part:

(A) Except as provided in division (B)(1), (B)(2), (B)(3), (B)(4), (B)(5), (B)(6), (B)(7), (B)(8), (B)(9), (B)(10), (B)(11), (E), (G), (H), (J), or (K) of this section or in division (D)(6) of section 2919.25 of the Revised Code and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:

. . .

Case No. 24 CO 0011

(2)(a) For a *felony of the second degree* committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

(Emphasis added) R.C. 2929.14(A)(2)(a).

**{¶12}** Therefore, for a qualifying felony of the second degree, the minimum term must be "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2)(a).

**{¶13}** The maximum term is calculated using R.C. 2929.144(B) which specifies how to calculate the maximum term depending on the number of felonies and whether the terms are concurrent or consecutive. In this case, there is more than one felony and some of the prison terms imposed are to be served consecutively. Therefore, R.C. 2929.144(B)(2) applies which states in part:

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

. . .

(2) If the offender is being sentenced for *more than one felony*, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served *consecutively*, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14

of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

(Emphasis added) R.C. 2929.144(B)(2).

{¶14} Appellant does not challenge the minimum sentence imposed of six years, which is a proper minimum term pursuant to R.C. 2929.14(A)(2)(a). However, Appellant takes issue with the maximum sentence imposed under count three and alleges "the sole issue is whether the trial court properly calculated her maximum sentence under the Reagan Tokes Law." *See* (7/10/2024 Appellant's Brief, p. 1).

{¶15} At the sentencing hearing, the trial court stated:

So for Count One, escape, Ms. Croley, I'm going to sentence you to a definite prison term of 24 months.

On Count Two, grand theft of a motor vehicle, I'm going to sentence you to a definite prison term of 12 months.

On Count Three, felonious assault, you're sentenced to a[n] indefinite prison term that will be for a six-year minimum to a 12-year maximum period.

The definite prison term for Count One, escape, and the definite prison term for Count Two, grand theft of a motor vehicle shall be served concurrently with each other, but the indefinite prison term for Count Three, felonious assault, shall be served consecutively to the definite prison term for Count One and the definite prison term for Count Two.

(2/8/2024 Sentencing Hearing Tr., p. 25-26).

Case No. 24 CO 0011

**{¶16}** Similarly, the trial court stated in its sentencing entry:

> For Count 1, **Escape**, the Defendant is sentenced to a definite prison term of Twenty Four (24) Months. For Count 2, **Grand Theft of a Motor Vehicle**, the Defendant is sentenced to a definite prison term of Twelve (12) Months. For Count 3, **Felonious Assault**, the Defendant is sentenced to an indefinite prison term of Six (6) years minimum to Twelve (12) years maximum.
>
> The definite prison term for Count 1, **Escape**, and the definite prison term for Count 2, **Grand Theft of a Motor Vehicle**, shall be served **concurrently** with each other. The indefinite prison term for Count 3, **Felonious Assault**, shall be served **consecutively** to the definite prison term for Count 1 and the definite prison term for Count 2. . . .

(Emphasis sic) (2/9/2024 Sentencing Entry, p. 2).

**{¶17}** The trial court sentenced Appellant on count three to an indefinite term. On count three, a felony of the second degree, the court imposed a stated minimum sentence of six years and a calculated maximum term of 12 years. That maximum term does not comply with the Reagan Tokes Law.

**{¶18}** Appellant was sentenced on three felony counts including a second-degree qualifying felony for which an indefinite sentence is required. *See* R.C. 2929.14(A)(2)(a). Because Appellant's sentence includes consecutive prison terms, her maximum term on count three should have been calculated by taking the sum of all of the minimum terms that are to be served consecutively "plus fifty per cent of the longest minimum term or definite term for the most serious felony" for which she was sentenced. R.C. 2929.144(B)(2); *see, e.g., State v. Martinez*, 2021-Ohio-3994 (6th Dist.).

**{¶19}** Here, the sum of all of the minimum terms that are to be served consecutively is eight years, which is the six years on count three plus 24 months for count one (count three term of six years was ran consecutively to counts one and two; count two term of 12 months was ran concurrently to count three so it is not added when calculating the aggregate minimum). Thus, on count three, a felony of the second degree,

Case No. 24 CO 0011

the court imposed an appropriate minimum term of six years and should have imposed a maximum sentence of 11 years (six plus two equals eight; six times 50 percent equals three; eight plus three equals 11).

**{¶20}** Accordingly, because the trial court erred in miscalculating Appellant's maximum sentence on count three at the sentencing hearing and in its sentencing entry, this court vacates her sentence and remands the matter to the trial court for resentencing in accordance with the Reagan Tokes Law consistent with this Opinion.

## CONCLUSION

**{¶21}** For the foregoing reasons, Appellant's sole assignment of error is well-taken. Appellant's sentence, pursuant to the February 9, 2024 judgment of the Columbiana County Court of Common Pleas, is vacated and the matter is remanded to the trial court for resentencing in accordance with the Reagan Tokes Law consistent with this Opinion.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 24 CO 0011

_____

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that Appellant's sentence is vacated. We hereby remand this matter to the Court of Common Pleas of Columbiana County, Ohio, for resentencing according to Reagan Tokes Law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**