[Cite as *State v. Croley*, 2024-Ohio-5904.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ASHLEY B. CROLEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 CO 0011

---

Application for Reconsideration

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor and *Atty. Shelley M. Pratt,* Assistant Prosecuting Attorney, for Plaintiff-Appellee (No response filed) and

*Atty. Max Hersch,* Assistant Public Defender, Office of the Ohio Public Defender, for Defendant-Appellant.

Dated: December 16, 2024

**PER CURIAM.**

{¶1} On November 26, 2024, Appellant, Ashley B. Croley, filed an application requesting that this court reconsider our decision in *State v. Croley*, 2024-Ohio-5448 (7th Dist.). *Croley* involved three counts: count one, escape, a felony of the third degree; count two, grand theft of a motor vehicle, a felony of the fourth degree; and count three, felonious assault, a felony of the second degree. *Id.* at ¶ 2. Because the Reagan Tokes Law applies to first and second degree felonies, *Croley* involved only one qualifying felony offense, count three. *Id.* at ¶ 10. This court found the Columbiana County Court of Common Pleas miscalculated Appellant's maximum sentence on count three at the sentencing hearing and in its sentencing entry. *Id.* at ¶ 1, 20. Regarding count three, we determined that although the trial court imposed an appropriate minimum term of six years, it should have imposed a maximum sentence of 11 years, not 12. *Id.* at ¶ 17, 19. Accordingly, we vacated Appellant's sentence and remanded the matter to the trial court for resentencing in accordance with the Reagan Tokes Law. *Id.* at ¶ 1, 20. Appellant contends this court's decision was in error and that we should, therefore, reconsider the opinion pursuant to App.R. 26(A).

App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court

makes an obvious error or renders an unsupportable decision under the law. *Id.*

*D.G. v. M.G.G.*, 2019-Ohio-1190, ¶ 2 (7th Dist.).

**{¶2}** In her application, Appellant contends "[a]lthough this court correctly held that Ms. Croley's maximum term should have been 11 years, it failed to assign it as the maximum term of Ms. Croley's entire sentence, instead stating that it should be assigned as a maximum term 'on count three.'" (11/26/2024 Appellant's Application for Reconsideration, p. 4). Appellant asserts "[f]or that reason, this court should reconsider its decision and instruct the trial court to impose a maximum term of 11 years for Ms. Croley's whole sentence." (*Id.*)

**{¶3}** In support, Appellant cites to *State v. Searls*, 2022-Ohio-858 (2d Dist.), which held:

> [W]here the trial court is imposing prison sentences *on multiple counts under the Reagan Tokes Act*, the trial court's sentence for each individual count should make clear that the prison term is a stated minimum sentence, as opposed to a definite sentence. Where the maximum term is the[n] calculated under R.C. 2929.14(B)(2) or R.C. 2929.14(B)(3), the trial court should not state the maximum term for each individual offense as if it were calculated under R.C. 2929.144(B)(1). Rather, the trial court may state the aggregate minimum term and calculated maximum term following all of the individual sentences, as it did here.

(Emphasis added). *Searls* at ¶ 33; (11/26/2024 Appellant's Application for Reconsideration, p. 3).

**{¶4}** The main distinction between *Searls* and the case at bar is that in *Searls* there were sentence modifications for three qualifying felony offenses subject to the Reagan Tokes Law whereas here there was only one. *See Searls*, 2022-Ohio-858, ¶ 20, 29 (2d Dist.); *Croley*, 2024-Ohio-5448, ¶ 2 (7th Dist.).

Case No. 24 CO 0011

{¶5}     Contrary to Appellant's assertions in her application, the record establishes this court did not make any obvious errors or render a decision that is not supported by the law.

{¶6}     In *Croley*, 2024-Ohio-5448, we stated the following:

> In her sole assignment of error, Appellant argues the trial court erred in sentencing her to an indefinite prison term of six years (minimum) to 12 years (maximum) on count three, felonious assault, a felony of the second degree.
>
> . . .
>
> Am. Sub. S.B. No. 201, 2018 Ohio Laws 157, known as the "Reagan Tokes Law," significantly altered the sentencing structure for many of Ohio's most serious felonies by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after March 22, 2019. A "qualifying felony" refers to a felony offense for which an indefinite sentence is required. *See* R.C. 2929.144(A). "(W)hile R.C. 2929.144 governs the calculation of the maximum sentence term, R.C. 2929.14(A) governs the imposition of indefinite sentences." *State v. McLoyd*, 2023-Ohio-3971, ¶ 65 (8th Dist.), citing *State v. Wilson*, 2023-Ohio-1042, ¶ 68 (8th Dist.).
>
> R.C. 2929.14(A) states in part:
>
> (A) Except as provided in division (B)(1), (B)(2), (B)(3), (B)(4), (B)(5), (B)(6), (B)(7), (B)(8), (B)(9), (B)(10), (B)(11), (E), (G), (H), (J), or (K) of this section or in division (D)(6) of section 2919.25 of the Revised Code and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:

. . .

(2)(a) For a *felony of the second degree* committed on or after March 22, 2019, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

(Emphasis added) R.C. 2929.14(A)(2)(a).

Therefore, for a qualifying felony of the second degree, the minimum term must be "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2)(a).

The maximum term is calculated using R.C. 2929.144(B) which specifies how to calculate the maximum term depending on the number of felonies and whether the terms are concurrent or consecutive. In this case, there is more than one felony and some of the prison terms imposed are to be served consecutively. Therefore, R.C. 2929.144(B)(2) applies which states in part:

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

. . .

Case No. 24 CO 0011

(2) If the offender is being sentenced for *more than one felony*, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served *consecutively*, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

(Emphasis added) R.C. 2929.144(B)(2).

Appellant does not challenge the minimum sentence imposed of six years, which is a proper minimum term pursuant to R.C. 2929.14(A)(2)(a). However, Appellant takes issue with the maximum sentence imposed under count three and alleges "the sole issue is whether the trial court properly calculated her maximum sentence under the Reagan Tokes Law." *See* (7/10/2024 Appellant's Brief, p. 1).

At the sentencing hearing, the trial court stated:

So for Count One, escape [a felony of the third degree], Ms. Croley, I'm going to sentence you to a definite prison term of 24 months.

On Count Two, grand theft of a motor vehicle [a felony of the fourth degree], I'm going to sentence you to a definite prison term of 12 months.

On Count Three, felonious assault [a felony of the second degree], you're sentenced to a(n) indefinite prison term that will be for a six-year minimum to a 12-year maximum period.

The definite prison term for Count One, escape, and the definite prison term for Count Two, grand theft of a motor vehicle shall be served concurrently with each other, but the indefinite prison term for Count Three, felonious assault, shall be served consecutively to the definite prison term for Count One and the definite prison term for Count Two.

(2/8/2024 Sentencing Hearing Tr., p. 25-26).

Similarly, the trial court stated in its sentencing entry:

For Count 1, **Escape** [a felony of the third degree], the Defendant is sentenced to a definite prison term of Twenty Four (24) Months. For Count 2, **Grand Theft of a Motor Vehicle** [a felony of the fourth degree], the Defendant is sentenced to a definite prison term of Twelve (12) Months. For Count 3, **Felonious Assault** [a felony of the second degree], the Defendant is sentenced to an indefinite prison term of Six (6) years minimum to Twelve (12) years maximum.

The definite prison term for Count 1, **Escape**, and the definite prison term for Count 2, **Grand Theft of a Motor Vehicle**, shall be served **concurrently** with each other. The indefinite prison term for Count 3, **Felonious Assault**, shall be served **consecutively** to the definite prison term for Count 1 and the definite prison term for Count 2. . . .

(Emphasis sic) (2/9/2024 Sentencing Entry, p. 2).

The trial court sentenced Appellant on count three to an indefinite term. On count three, a felony of the second degree, the court imposed a stated minimum sentence of six years and a calculated maximum term of 12 years. That maximum term does not comply with the Reagan Tokes Law.

Appellant was sentenced on three felony counts including a second-degree qualifying felony for which an indefinite sentence is required. *See* R.C. 2929.14(A)(2)(a). Because Appellant's sentence includes consecutive

prison terms, her maximum term on count three should have been calculated by taking the sum of all of the minimum terms that are to be served consecutively "plus fifty per cent of the longest minimum term or definite term for the most serious felony" for which she was sentenced. R.C. 2929.144(B)(2); *see, e.g., State v. Martinez*, 2021-Ohio-3994 (6th Dist.).

Here, the sum of all of the minimum terms that are to be served consecutively is eight years, which is the six years on count three plus 24 months for count one (count three term of six years was ran consecutively to counts one and two; count two term of 12 months was ran concurrently to count three so it is not added when calculating the aggregate minimum). Thus, on count three, a felony of the second degree, the court imposed an appropriate minimum term of six years and should have imposed a maximum sentence of 11 years (six plus two equals eight; six times 50 percent equals three; eight plus three equals 11).

Accordingly, because the trial court erred in miscalculating Appellant's maximum sentence on count three at the sentencing hearing and in its sentencing entry, this court vacates her sentence and remands the matter to the trial court for resentencing in accordance with the Reagan Tokes Law consistent with this Opinion.

*Croley*, 2024-Ohio-5448, ¶ 6, 10-20 (7th Dist.).

{¶7} Upon consideration of the App.R. 26(A) application filed in the present matter, it is apparent that Appellant has not demonstrated any obvious errors or raised any issues that were not adequately addressed in our previous opinion. This court is not persuaded that we erred as a matter of law.

{¶8} An application for reconsideration is not designed to be used in situations wherein a party simply disagrees with the logic employed or the conclusions reached by an appellate court. *Owens,* 112 Ohio App.3d at 336. App.R. 26(A) is meant to provide a mechanism by which a party may prevent a miscarriage of justice that could arise when

an appellate court makes an obvious error or renders a decision that is not supported by the law. *Id.* Appellant has made no such demonstration.

{¶9} For the foregoing reasons, Appellant's application for reconsideration is hereby denied.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 24 CO 0011</u>