[Cite as *State v. Croley*, 2024-Ohio-5903.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ASHLEY B. CROLEY,

Defendant-Appellant.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 24 CO 0011

---

Motion to Certify Conflict

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor and *Atty. Shelley M. Pratt,* Assistant Prosecuting Attorney, for Plaintiff-Appellee (No response filed) and

*Atty. Max Hersch,* Assistant Public Defender, Office of the Ohio Public Defender, for Defendant-Appellant.

Dated: December 16, 2024

**PER CURIAM.**

{¶1} On November 26, 2024, Appellant, Ashley B. Croley, filed a motion pursuant to App.R. 25 to certify this case to the Supreme Court of Ohio on the basis of a conflict. Appellant asserts this court's decision in *State v. Croley*, 2024-Ohio-5448 (7th Dist.) is in conflict with a decision of the Second District Court of Appeals, *State v. Searls*, 2022-Ohio-858 (2d Dist.).

{¶2} App.R. 25, "Motion to certify a conflict," states in part:

> (A) A motion to certify a conflict under Article IV, Section 3(B)(4) of the Ohio Constitution shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order of the court that creates a conflict with a judgment or order of another court of appeals and made note on the docket of the mailing, as required by App. R. 30(A). . . . A motion under this rule shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed.

App.R. 25(A).

{¶3} Article IV, Section 3, "Organization and jurisdiction of courts of appeals," states in part:

> Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

Ohio Const., art. IV, § 3(B)(4).

Hence, the following conditions must be met before and during certification pursuant to Section 3(B)(4), Article IV of the Ohio Constitution:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals. (Emphasis deleted.)

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 613 N.E.2d 1032, (1993), paragraph one of the syllabus. In addition, the issue proposed for certification must be dispositive of the case. *State ex rel. Davet v. Sutula*, 131 Ohio St.3d 220, 2012-Ohio-759, 963 N.E.2d 811, ¶ 2.

"Factual distinctions between cases do not serve as a basis for conflict certification." *Id.* at 599. In *Whitelock*, the Ohio Supreme Court dismissed the appeal on the grounds that the conflict was improperly certified and urged appellate courts to certify "only those cases where there is a true and actual conflict on a rule of law." *Id.*

*State v. Rice*, 2022-Ohio-4176, ¶ 4-5 (7th Dist.).

**{¶4}** This court decided *Croley* on November 18, 2024. *Croley*, 2024-Ohio-5448 (7th Dist.). Appellant filed her motion to certify a conflict eight days later on November 26, 2024. Thus, Appellant's motion is timely filed. App.R. 25(A). Appellant cites one judgment alleged to be in conflict with the judgment of this court. *Id;* (11/26/2024 Appellant's Motion to Certify a Conflict, p. 2); *Searls*, 2022-Ohio-858 (2d Dist.).

**{¶5}** Appellant also specifies one issue proposed for certification pursuant to App.R. 25(A): "When a trial court imposes a 'maximum term' under R.C. 2929.144(B)(2), is that maximum associated with the 'most serious felony being sentenced,' or is it a singular, aggregate term?" (11/26/2024 Appellant's Motion to Certify a Conflict, p. 2).

**{¶6}** *Croley* involved three counts: count one, escape, a felony of the third degree; count two, grand theft of a motor vehicle, a felony of the fourth degree; and count three, felonious assault, a felony of the second degree. *Croley* at ¶ 2. Because the

Reagan Tokes Law applies to first and second degree felonies, *Croley* involved only one qualifying felony offense, count three. *Id.* at ¶ 10. This court found the Columbiana County Court of Common Pleas miscalculated Appellant's maximum sentence on count three at the sentencing hearing and in its sentencing entry. *Id.* at ¶ 1, 20. Regarding count three, we determined that although the trial court imposed an appropriate minimum term of six years, it should have imposed a maximum sentence of 11 years, not 12. *Id.* at ¶ 17, 19. Accordingly, we vacated Appellant's sentence and remanded the matter to the trial court for resentencing in accordance with the Reagan Tokes Law. *Id.* at ¶ 1, 20.

{¶7} Specifically, in concluding our discussion in this court's decision, we stated:

> The trial court sentenced Appellant on count three to an indefinite term. On count three, a felony of the second degree, the court imposed a stated minimum sentence of six years and a calculated maximum term of 12 years. That maximum term does not comply with the Reagan Tokes Law.

> Appellant was sentenced on three felony counts including a second-degree qualifying felony for which an indefinite sentence is required. *See* R.C. 2929.14(A)(2)(a). Because Appellant's sentence includes consecutive prison terms, her maximum term on count three should have been calculated by taking the sum of all of the minimum terms that are to be served consecutively "plus fifty per cent of the longest minimum term or definite term for the most serious felony" for which she was sentenced. R.C. 2929.144(B)(2); *see, e.g., State v. Martinez*, 2021-Ohio-3994 (6th Dist.).

> Here, the sum of all of the minimum terms that are to be served consecutively is eight years, which is the six years on count three plus 24 months for count one (count three term of six years was ran consecutively to counts one and two; count two term of 12 months was ran concurrently to count three so it is not added when calculating the aggregate minimum). Thus, on count three, a felony of the second degree, the court imposed an appropriate minimum term of six years and should have imposed a

maximum sentence of 11 years (six plus two equals eight; six times 50 percent equals three; eight plus three equals 11).

Accordingly, because the trial court erred in miscalculating Appellant's maximum sentence on count three at the sentencing hearing and in its sentencing entry, this court vacates her sentence and remands the matter to the trial court for resentencing in accordance with the Reagan Tokes Law consistent with this Opinion.

*Croley*, 2024-Ohio-5448, ¶ 17-20 (7th Dist.).

**{¶8}** Unlike *Croley* which involved only one qualifying felony offense subject to the Reagan Tokes Law (count three), *Searls* involved sentence modifications for three qualifying felony offenses subject to the Reagan Tokes Law. *See Searls*, 2022-Ohio-858, ¶ 20, 29 (2d Dist.); *Croley* at ¶ 2.

**{¶9}** In *Searls*, the Second District, inter alia, remanded the matter for the trial court "to modify its sentences for Counts 38, 41, and 53 to clarify that the eight-year term is the stated minimum term of an indefinite sentence under the Reagan Tokes Act." *Searls* at ¶ 3. Those three counts were all felonies of the second degree subject to the Reagan Tokes Law. *Id.* at ¶ 5. On appeal, the appellant argued that the trial court's "judgment entry did not include an indefinite sentence for two of the three counts that were subject to the Reagan Tokes Act." *Id.* at ¶ 20. The court concluded:

[W]here the trial court is imposing prison sentences *on multiple counts under the Reagan Tokes Act*, the trial court's sentence for each individual count should make clear that the prison term is a stated minimum sentence, as opposed to a definite sentence. Where the maximum term is the[n] calculated under R.C. 2929.14(B)(2) or R.C. 2929.14(B)(3), the trial court should not state the maximum term for each individual offense as if it were calculated under R.C. 2929.144(B)(1). Rather, the trial court may state the aggregate minimum term and calculated maximum term following all of the individual sentences, as it did here.

(Emphasis added). *Searls* at ¶ 33.

Case No. 24 CO 0011

**{¶10}** Thus, the main distinction between *Searls* and the case at bar is that in *Searls* there were three qualifying felony offenses subject to the Reagan Tokes Law whereas here there was only one. *See Searls* at ¶ 20, 29; *Croley*, 2024-Ohio-5448, ¶ 2 (7th Dist.). The facts in *Croley* are different from those in *Searls* and this court did not rule opposite to the holding of the Second District on a rule of law. *Croley* does not conflict with *Searls.*

**{¶11}** Upon consideration, we find no conflict between the decision made by this court on November 18, 2024 and the case cited by Appellant from our Sister Court. Accordingly, Appellant's motion to certify a conflict is hereby overruled.

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**